# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS MANNING, | Civil Action No. 20-14240 (MCA) (MAH) |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| ST. PAUL, et al., | |
| Defendants. | |

Plaintiff is currently incarcerated at East Jersey State Prison. He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons explained herein, the Complaint is dismissed in its entirety without prejudice.

## I. FACTUAL BACKGROUND

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. This case arises from an incident that occurred on December 3, 2007 between Plaintiff and several correctional officers at Northern State Prison in Newark, NJ. Plaintiff names Correction Sergeant St. Paul, Senior Correction Officer Rivera, and Senior Correction Officer Santiago as Defendants.

At the time of the incident, Plaintiff was incarcerated at Northern State Prison. (ECF No. 1, at 6.) On December 3, 2007, Plaintiff was scheduled to be transferred to another prison. (*Id.*) Correctional officers escorted him to a holding cell for intake screening. (*Id.*) Defendant Santiago entered the cell and pushed Plaintiff to the floor, causing a facial abrasion and contusion. (*Id.*; ECF No. 2, at 4.) When Plaintiff protested against such force, Defendant St. Paul entered the cell and began to stomp, kick, and beat Plaintiff. (ECF No. 1, at 6.) While Defendant St. Paul handcuffed Plaintiff, Defendants St. Paul and Rivera twisted Plaintiff's arms with such force that

Plaintiff felt a bone crack in his right arm. (*Id.*) Rather than assist Plaintiff, who was crying out because of excruciating pain, Defendants repeatedly struck Plaintiff. (*Id.*)

Prison officials transported Plaintiff to St. Francis Medical Center in Trenton, NJ later that day. (*Id.*) The doctor at St. Francis performed an x-ray, which revealed that Plaintiff had a fractured bone in his right elbow. (*Id.*) Plaintiff filed the instant suit on October 16, 2020.

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996), district courts must review complaints in those civil actions in which a prisoner seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Courteau v. United States*, 287 Fed. App'x 159, 162 (3d Cir. 2008). A motion to dismiss pursuant to Rule 12(b)(6) is properly granted if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

## III. ANALYSIS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights guaranteed under the United States Constitution. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a

"person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d. Cir. 1994).

In this case, the Court construes the Complaint to allege that Defendants used excessive force in violation of the Eighth Amendment. The Eighth Amendment protects inmates from the "wanton and unnecessary infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). "In an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000).

At this time, the Court need not determine whether Plaintiff has adequately pled a § 1983 claim or an Eighth Amendment violation, however, because it appears from the face of the Complaint that Plaintiff's federal claims are time-barred. Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915A(b) for failure to state a claim. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013).

Section 1983 does not contain a statute of limitations period. "It is well-established that, if Congress has created a cause of action and not specified the period of time within which a claim must be asserted, a court may infer that Congress intended state limitations periods to apply and may borrow such periods and engraft them onto the federal statute." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 471–72 (3d Cir. 2001). As such, the analogous state statutes of limitations are "binding rules of law" for actions brought under 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478, 483–84 (1980). The Third Circuit has repeatedly found that a state's statute of limitations for personal injury actions applies to all actions brought under § 1983.

*See, e.g.*, *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 276 (3d Cir. 2004). Accordingly, New Jersey's two-year statute of limitations for personal injury actions governs Plaintiff's claim under Section 1983. *See* N.J. Stat. § 2A:14-2.

Although courts apply state limitations periods in § 1983 cases, accrual of a cause of action under § 1983 is a question of federal law. *Albright v. Oliver*, 510 U.S. 266, 280 n.6 (1994). Generally, "the limitations period begins to run from time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998).

Here, the events that gave rise to this suit occurred on December 3, 2007. (*See* ECF No. 1, at 6.) The limitations period began to run the same day when Defendants beat Plaintiff. (*See id.*) Plaintiff filed the instant Complaint, however, on October 16, 2020, well after the two-year statute of limitations had run its course.

Certain statutes and doctrines may allow the Court to toll the statute of limitations, but Plaintiff fails to articulate any basis for such tolling. For example, New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.*, N.J. Stat. § 2A:14–21 (detailing tolling because of minority or insanity); N.J. Stat. § 2A:14–22 (detailing tolling because of non-residency of persons liable). New Jersey law also permits "equitable tolling" where an adversary's misconduct induced or tricked a complainant into allowing the filing deadline to pass, or where "in some extraordinary way" someone or something prevented plaintiff from asserting his rights, or where a plaintiff has timely asserted his rights through a defective pleading or in the wrong forum. *See Freeman v. New Jersey*, 788 A.2d 867, 880 (N.J. Super. Ct. App. Div. 2002). However, absent a showing of a defendant's intentional inducement or trickery, the Court should apply the doctrine of equitable

tolling sparingly and only where sound legal principles and the interest of justice demand its application. *Id.*

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrines. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where extraordinary circumstances prevent a plaintiff from asserting his claims; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Id.* at 370 n.9.

In this case, Plaintiff fails to articulate any basis for statutory or equitable tolling. Accordingly, because it is apparent that Plaintiff's excessive force claims are time-barred, the claims are dismissed as untimely. If Plaintiff believes that he can assert facts that warrant tolling, he may move to re-open this case and to file an amended complaint stating the basis for such tolling.

**IT IS, THEREFORE**, on this 29th day of June, 2021,

**ORDERED** that Plaintiff's claims are dismissed **WITHOUT PREJUDICE** for failure to state a claim for relief pursuant to 28 U.S.C. 1915A(b); and it is further

**ORDERED** that Plaintiff may submit an Amended Complaint within 30 days of his receipt of the Court's Order and accompanying Opinion if he can assert facts that warrant tolling of the statute of limitations; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order and the accompanying Opinion to Plaintiff at the address on file and shall mark this case as **CLOSED**.

s/Madeline Cox Arleo
Hon. Madeline Cox Arleo
United States District Judge