UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DOUGLAS MANNING,

    Plaintiff,

v.

ST. PAUL, et al.,

    Defendants.

Civil Action No. 20-14240 (MCA)

MEMORANDUM

Plaintiff Douglass Manning ("Plaintiff") was previously incarcerated at East Jersey State Prison.[1] This matter has been opened to the Court by Plaintiff's filing of a third amended complaint. ECF No. 40. For the reasons expressed herein, the Court dismisses the Complaint pursuant to its screening authority under 28 U.S.C. § 1915A, denies further leave to amend, and directs the Clerk of the Court to close this case.

Plaintiff filed his original complaint on or about September 9, 2020, and sought to proceed *in forma pauperis*. ECF Nos. 1, 1-1. The Court denied without prejudice Plaintiff's application to proceed *in forma pauperis*, and Plaintiff subsequently paid the filing fee. *See* ECF No. 3.

Plaintiff's original complaint alleged that corrections officers assaulted him on December 3, 2007 at Northern State Prison. ECF No. 1, Complaint at 4-6. On June 29, 2021, the Court dismissed Plaintiff's original complaint pursuant to its screening authority under 28 U.S.C. § 1915A as untimely under the two-year limitations period for civil rights claims and provided Plaintiff with leave to amend. ECF No. 5. Plaintiff subsequently submitted an amended and second amended complaint. ECF Nos. 6, 11. On November 22, 2022, the Court dismissed

---

[1] It appears that Plaintiff was released from prison after he filed his Third Amended Complaint. *See* ECF No. 44.

1

Plaintiff's amended and second amended complaints without prejudice as untimely under the two-year limitations period for civil rights claims and once again permitted Plaintiff to move to reopen this matter and submit a third amended complaint if he could allege facts in support of equitable tolling.

After the Court dismissed the amended and second amended complaints under 28 U.S.C. § 1915A, it received Plaintiff's request to reopen this matter. ECF No. 15. That request was followed by a motion to proceed *in forma pauperis* ("IFP application"), a motion for pro bono counsel, and a notice of motion seeking equitable relief. *See* ECF Nos. 16, 18, 19. Plaintiff's IFP application also included a document titled "Complaint," which alleged that the assault on December 3, 2007, violated the New Jersey Civil Rights Act ("NJCRA"). *See* ECF No. 16-2. The complaint attached to Plaintiff's IFP application did not provide facts in support of equitable tolling of the statute of limitations.

On January 9, 2023, while his motions were still pending, Plaintiff filed a notice of appeal with the Third Circuit Court of Appeals. ECF No. 27. On April 2, 2023, the Third Circuit dismissed the appeal for lack of appellate jurisdiction,[2] noting that Plaintiff had filed a motion to reopen, as permitted by this Court. *See* ECF No. 35.

Meanwhile, on March 21, 2023, Plaintiff filed a new complaint arising from the same assault on December 3, 2007.[3] *See* Civ. No. 23-1623. That complaint also did not provide facts in support of equitable tolling of the statute of limitations. *See id.*

---

[2] It appears that Plaintiff filed a petition for certiorari, which the Supreme Court denied on October 2, 2023, and a petition for rehearing, the Supreme Court denied on January 8, 2024. *See* App. No. 23-1052, Dkt. Nos. 19-20.

[3] That matter was also assigned to the undersigned. Plaintiff's application to proceed *in forma pauperis* in that action is deficient.

2

On July 31, 2023, this Court granted Plaintiff's motion to reopen this matter and provided Plaintiff with 30 days to submit a third amended complaint that provides facts in support of equitable tolling.[4] ECF No. 40.

On August 8, 2023, Plaintiff submitted a third amended complaint, but that Complaint does not include facts supporting equitable tolling. *See* ECF No. 40. Moreover, the third amended complaint lists the Defendants and Plaintiff's injuries but does not include any facts about the alleged constitutional violations. The Court has provided several opportunities for Plaintiff to amend his complaint to provide facts in support of equitable tolling, and he has failed to do so. The Court finds that further amendment would be futile, as the claims set forth in the complaint and amended complaints occurred in the 2007-2008 timeframe and are plainly time barred. The Court dismisses the third amended complaint pursuant to its screening authority under 28 U.S.C. § 1915A for failure to state a claim for relief, denies further leave to amend, and directs the Clerk of the Court to close this case accordingly. An appropriate Order follows.

_____
Madeline Cox Arleo, District Judge
United States District Court

---

[4] The Court denied without prejudice Plaintiff's IFP application because he already paid the filing fee. The Court also denied without prejudice Plaintiff's request for pro bono counsel because the claims asserted in this action are time barred, and Plaintiff did not submit any facts supporting equitable tolling as directed by the Court in its prior Orders. Finally, the Court denied Plaintiff's notice of motion for equitable relief as improperly filed.